IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                        ORDER

Plaintiff,

                                                  05-cr-107-bbc

v.

TIMOTHY HOTCHKISS,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Timothy Hotchkiss has written to the court saying that he believes that the government promised him a 10% discount in his drug amount as an incentive to enter a plea of guilty. He adds that he has reviewed his file and does not think that the discount was taken into account at his sentencing. I will construe his letter as a motion to correct his sentence.

      From the cryptic calculations that defendant attached to his letter, I cannot tell whether he was given any kind of a promise. The question is academic, however, because any promise defendant might have been made is unenforceable at this time. This court has no authority to make any change in defendant's sentence. Defendant cannot bring a second postconviction motion without first obtaining the approval of the court of appeals and no

1

other mechanism would support a sentence reduction.

Defendant did not take an appeal from his sentence but he later filed a motion for postconviction relief under 28 U.S.C. § 2255, alleging that he had asked his attorney to appeal and the attorney had not complied with the request. Judge Shabaz set the matter for an evidentiary hearing but at the hearing defendant advised the court that he was withdrawing his motion in full. Later, he filed an appeal of the dismissal of the § 2255 motion with prejudice; the court of appeals dismissed the appeal on December 14, 2006. Judge Shabaz considered a subsequent motion for clarification from defendant and affirmed his earlier decision to dismiss the § 2255 motion with prejudice, noting that he had asked defendant specifically whether he wanted to withdraw the entire motion and defendant had said he did.

Because defendant has filed one motion for postconviction relief under 28 U.S.C. § 2255, this court has no authority to consider a second request for relief unless defendant were to obtain a certification by a panel of the Court of Appeals for the Seventh Circuit. 28 U.S.C. § 2255(b).

If defendant is seeking some sort of adjustment to his sentence to reflect the alleged failure to include the drug discount, this court has no authority to make any such change. The time for bringing such a matter to the court's attention was before sentencing.

ORDER

IT IS ORDERED that defendant Timothy Hotchkiss's letter is construed as a motion to amend his sentence and is DENIED because the court lacks authority to make any change in the sentence as imposed.

Entered this 3d day of November, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4