IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                          ORDER

          Plaintiff,

                                                 05-cr-107-bbc
                                                 06-cv-307-bbc

    v.

TIMOTHY HOTCHKISS,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On March 28, 2011, defendant Timothy Hotchkiss wrote to the court saying that he wanted to continue pursuing an alleged breach of a plea agreement despite this court's November 3, 2008 order denying his request for a modification of his sentence. In that order, I explained to defendant that this court had no authority to make any change in his sentence. I also explained to him that he could not bring a second post conviction motion challenging his sentence unless he obtained the approval of the Court of Appeals for the Seventh Circuit. (Defendant filed his first post conviction motion on June 7, 2006, alleging that he had asked his attorney to take an appeal of his sentence and that his attorney did not comply with the request. He later withdrew his motion, but later appealed its dismissal. The court of appeals dismissed that appeal.)

1

In his March 28 letter, defendant says that he has only recently become aware of information that would enable him to show the ineffectiveness of his trial counsel. This may be true, but it does not mean that I can entertain his new request. As I said in the November 3, 2008 order, this court has no authority to make any change in defendant's sentence or to entertain a second motion for post conviction relief.

Defendant asks for direction on how to proceed. The only recourse he has is to seek certification of a second post conviction motion from the court of appeals. 28 U.S.C. § 2255(h). Obtaining such certification will be difficult for him, if not impossible. He must be able to show that he has "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable to him." Id.

ORDER

IT IS ORDERED that defendant Timothy Hotchkiss's letter is construed as motion to modify his sentence and is DENIED because the court lacks authority to make any change

2

in the sentence imposed.

    Entered this 6th day of April, 2011.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge